NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LYNDA ANN ALBRITTON, as personal )
representative of the Estate of Bobby J. )
Albritton, deceased, )
            )
         Appellant, )
            )
v. )       Case No. 2D17-35
            )
JOSEPH BARNESS, )
            )
         Appellee. )
_____ )

Opinion filed September 14, 2018.

Appeal from the Circuit Court for Pasco
County; Kemba Lewis, Judge.

Roland D. Waller and Jaleh Piran-Vesseh
of Waller & Mitchell, New Port Richey, for
Appellant.

Amy E. Stoll and Steve C. Pratico of
Barnett, Bolt, Kirkwood, Long & Koche,
P.A., Tampa, for Appellee.


KELLY, Judge.

       Lynda Ann Albritton, as personal representative of the Estate of Bobby J.

Albritton, appeals from an order dismissing the Estate's action against the appellee,

Joseph Barness.  We reverse because the trial court erred when it did not allow Bobby

Albritton to amend his complaint.

Bobby Albritton, whose Estate was substituted after he died during the pendency of this appeal, brought an action against Barness to foreclose a mortgage. Barness moved to dismiss the complaint and dissolve the lis pendens. The trial court granted the motion without prejudice and dissolved the lis pendens. Albritton then filed an amended complaint, again including a count for foreclosure, and a new lis pendens. However, he also filed a motion for leave to amend, which of course was unnecessary because Barness had not filed a responsive pleading. See Fla. R. Civ. P. 1.190(a); Boca Burger, Inc. v. Forum, 912 So. 2d 561, 567 (Fla. 2005). Barness, who characterized the amended complaint as "unauthorized" because it was filed without leave of court, moved to dissolve the lis pendens and to sanction Albritton for filing it. The trial court granted the motion to dissolve the lis pendens and in the same order denied Albritton's motion for leave to amend the complaint. Albritton sought certiorari review of that order in this court; however, we dismissed the petition for lack of jurisdiction without prejudice for Albritton to appeal if and when the trial court entered a final order disposing of the case. Notably, Albritton's petition cited rule 1.190(a) and Boca Burger in support of his argument that the trial court's order should be quashed because he had the right to amend without leave of court at the time he filed the amended complaint.

After unsuccessfully trying to invoke this court's certiorari jurisdiction, Albritton found himself in a kind of no man's land in that neither the trial court's order granting the motion to dismiss the original complaint nor the order denying leave to amend his dismissed complaint were reviewable in this court, yet those orders precluded him from proceeding in the trial court. Faced with this situation, Albritton

asked the trial court to either dismiss the original complaint with prejudice so he could appeal from the dismissal or, alternatively, to reconsider and allow him to amend his complaint "for the reason set forth in the attached Petition for Certiorari." As explained above, in his petition Albritton cited Boca Burger and rule 1.190(a) in support of his argument that he had an absolute right to amend his complaint. The trial court did not relent but instead dismissed Albritton's complaint with prejudice.

In this appeal, Albritton again argues that the trial court erred when it refused to allow him to amend his complaint. One could argue that Albritton invited this error by seeking leave to amend unnecessarily. On the other hand, Barness, in a situation reminiscent of Boca Burger seized on Albritton's mistake when, in seeking to dissolve the second lis pendens, characterized the amended complaint as "unauthorized" because it was filed without leave of court. This more than Albritton's unnecessary request for leave to amend set the stage for the trial court's error. Even on appeal Barness is *still* trying to thwart Albritton's right to amend by making the same arguments the supreme court unequivocally rejected in Boca Burger. While Albritton perhaps could have been more aggressive when he brought this to the trial court's attention, he did in fact bring it to the trial court's attention and given how things unfolded below, we conclude he did so in a timely manner.

Accordingly, we reverse the order dismissing Albritton's complaint and we remand for further proceedings. In addition, on this court's own motion, counsel for Barness is directed to show cause, within thirty days from the issuance of this opinion, why the Estate's appellate attorney's fees and costs should not be assessed against them as a sanction pursuant to Florida Rule of Appellate Procedure 9.410 and section

57.105, Florida Statutes (2017). <u>See</u> <u>Boca Burger</u>, 912 So. 2d at 563 (holding that "an appellate court may, in appropriate circumstances, impose sanctions on an appellee or its lawyer for its frivolous defense of a patently erroneous trial court order" and explaining that counsel's ethical obligation to the court may sometimes "require appellate counsel to concede error where, although trial counsel obtained a favorable result, either the facts were not as represented to the trial court or the law is clearly contrary to the appellee's position and no good-faith basis exists to argue that it should be changed"). We retain jurisdiction for the limited purpose of considering sanctions following our review of Barness's response to this opinion's order to show cause.

BADALAMENTI, J., Concurs.
SILBERMAN, J., Concurs in result only with opinion.

SILBERMAN, Judge, Concurring in result only.

I agree with the majority's decision to reverse the order dismissing Albritton's complaint because he was legally entitled to amend the complaint. I do not join in the decision to order counsel for Barness to show cause as to why attorney's fees should not be assessed against Barness as a sanction. Instead, I would grant the Estate's motion for attorney's fees as prevailing party pursuant to the terms of the mortgage, conditioned on the Estate's ultimately prevailing in the underlying litigation.